IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01889-REB-CBS

BALL DYNAMICS INTERNATIONAL, LLC,
a Colorado limited liability company,

v.

GAIAM, INC.,
a Colorado corporation.

---

STIPULATED PERMANENT INJUNCTION AND ORDER FOR DISMISSAL

---

This matter, having come before the Court on the Motion for Entry of Stipulated Permanent Injunction and Order for Dismissal, this Court finds, concludes and orders as follows:

1. Plaintiff Ball Dynamics International, LLC holds and is the owner of eight (8) registrations for the "Fitball®" trademark for a variety of goods and services, including fitness and rehabilitation related products and services in the United States, as more fully described in Exhibit A hereto.

2. The parties have entered into a Settlement Agreement dated as of September 15, 2008. The following terms and conditions from the Settlement Agreement are hereby incorporated into this Stipulated Permanent Injunction and Order for Dismissal ("Order") by the agreement of the parties:

    a. Defendant warrants and represents that the only uses of the "FIT BALL" name and mark, the "Fit Ball" name and mark or any other name or mark confusingly similar to "Fitball" by Defendant have been disclosed in the Settlement Agreement.

1

b. Defendant warrants and represents that other than the uses disclosed in the Settlement Agreement, there has not been any other direct or indirect use by any of the "Defendant Parties" of the "Fitball" name and trademark or any other mark the same or similar[1] to "Fitball" and the marks on Exhibit A hereto before or after the date of the Settlement Agreement. "Defendant Parties" means Defendant, its subsidiaries and affiliates, and their respective directors, officers, agents, employees, representatives, attorneys, successors and assigns. Defendant further agrees that any use by any of the Defendant Parties of the Fitball name and trademark or any other mark the same or similar to "Fitball" and the marks on Exhibit A hereto, other than the past uses disclosed or authorized in the Settlement Agreement, shall constitute a violation of the Settlement Agreement and this Order.

c. Defendant has agreed to make a settlement payment in an amount set forth in the Settlement Agreement of the parties within five (5) business days of the entry of this Order. Defendant agrees that the failure to make such payment shall be a breach of this Order and that such obligation shall be enforceable by this Court.

d. The parties have agreed that the Settlement Agreement shall be construed, enforced and performed in accordance with the laws of the State of Colorado, without reference to the principles of conflicts of laws. Any dispute arising from the Settlement Agreement shall be exclusively heard in this Court, to whose jurisdiction the parties expressly submit.

e. Defendant agrees that if Plaintiff initiates an action to enforce the terms of the Settlement Agreement, the prevailing party in such action shall be entitled to recover from the

---

[1] For purposes of this representation and warranty, the term "Fitness Ball" is deemed dissimilar from the "Fitball" name and trademark and the marks set forth on Exhibit A.

other party such prevailing party's reasonable costs and attorneys' fees in addition to any other relief that may be awarded.

  f. The parties have stipulated and agreed that this Court shall retain jurisdiction to enforce the terms of this Order and the Settlement Agreement described above.

IT IS ORDERED THAT:

  1. Other than as is authorized in the Settlement Agreement, the Defendant Parties are permanently restrained and enjoined from (a) directly or indirectly infringing upon plaintiff's rights in connection with the mark "Fitball®," "Fitball," "Fitball (and Design)®," and "Fitball (and design)" and any other mark on Exhibit A hereto (collectively the "Marks") through the use of the name and mark "FIT BALL" or the name and mark "fit ball" or any other mark the same or similar to the Marks in connection with sale and/or distribution of Defendant's products, materials or services; and (b) filling any orders for products, materials or services using the name and mark "FIT BALL" or the name and mark "fit ball" or otherwise infringing the Marks.

  2. Other than as is authorized in the Settlement Agreement, the Defendant Parties are ordered to cease distribution and sale of products, materials or services bearing or using the name and mark "FIT BALL" or the name and mark "fit ball" or other names and marks similar to or likely to cause confusion with the Marks or otherwise infringing the Marks.

3. For purposes of this Order, the words "FITNESS BALL" and "fitness ball" are deemed dissimilar to the Marks. Accordingly, nothing contained herein shall restrain or enjoin Defendant's use of the words "FITNESS BALL" and "fitness ball" in connection with the sale and/or distribution of Defendant's products, materials or services.

4. Within five (5) business days of the entry of this Order, Defendant shall make a settlement payment in an amount set forth in the Settlement Agreement.

5. This Court retains jurisdiction to enforce this Order and the Settlement Agreement of the parties.

6. This action is dismissed pursuant to Fed. R. Civ. P. 41(a)(2) on the motion of the parties; provided, however, that the dismissal of this action shall not affect this Court's retention of jurisdiction to enforce the permanent injunction herein or the Settlement Agreement as set forth above. Except as provided herein, the dismissal of this action is with prejudice and each party shall bear its attorneys' fees and costs in this action.

Dated September 16, 2008, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge